IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| WAYNE L. BROWN, ) | |
| ) | Case No. 2:14-cv-1142 |
| Plaintiff, ) | |
| ) | Hon. Michael H. Watson |
| v. ) | |
| ) | Magistrate Judge Deavers |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANT UNITED STATES' REPLY TO THE PLAINTIFF'S OPPOSITION TO THE MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, <u>FOR SUMMARY JUDGMENT</u>**

The plaintiff Wayne L. Brown filed a complaint against the United States on August 7, 2014, seeking damages pursuant to 26 U.S.C. § 7433.  He alleged the Internal Revenue Service (the "IRS") used an improper collection method when, in July 2012, it sent him a notice of intent to levy on his state tax refund to recover a $15,000 erroneous federal refund.  (Docket No. 1.) The defendant United States has moved for judgment, in accordance with Fed. R. Civ. P. 12(c) and 56(a), on the basis that the plaintiff's suit was time-barred under the two-year limitation-period set forth in 26 U.S.C. § 7433(d)(3).  (Docket No. 29.)  The plaintiff filed a response. (Docket No. 32.)  As detailed in the reply brief below, the plaintiff's argument in opposition fails as a matter of law, and therefore, the United States requests that its motion for judgment be granted.

<u>**ARGUMENT**</u>

In his opposition, the plaintiff focuses on his allegation that the IRS unlawfully denied him a collection due process hearing.  He argues that his suit is not time-barred because the IRS denied his request for a hearing on September 20, 2013, which is within the two-year limitation-

period.  (Docket No. 32 at 3.)  This argument fails because the plaintiff was not entitled to a collection due process hearing.[1]

Despite the plaintiff's contention, taxpayers do not have a general constitutional right to request a collection due process hearing from the IRS.  *See, e.g., Ballard v. Comm'r*, 93 T.C.M. (CCH) 1394 (T.C. 2007), *aff'd*, 310 F. App'x 177 (9th Cir. 2009) (finding that the withholding of income tax is not "the type of collection action for which a hearing must be offered to the taxpayer"); *Zigmont v. Comm'r*, 97 T.C.M. (CCH) 1202 (T.C. 2009) (stating that the IRS's "issuance of a Backup Withholding Notification need not be preceded by the issuance of a final notice offering the taxpayer the right to an administrative hearing …").  Rather, the right to a collection due process hearing is a statutory right, governed by section 6330 of the Internal Revenue Code (26 U.S.C.).  Generally, taxpayers have the right to a collection due process

---

[1] The plaintiff lays out, in his opposition, four "causes of action" that he believes were violations of the law:

> 1) ILLEGALLY CHANGED MY NON REBATE MISAPPLIED ESTIMATED TAX PAYMENT ERRONEOUS REFUND TO A (CATEGORY B) REBATE OVERSTATEMENT, DID NOT ASSESS IT BEFORE CHANGING IT TO A REBATE, THERE NO DEFICIENCY NOTICE TO SUGGESTS OTHER WISE [sic].
> 2) STARTED NORMAL COLLECTION BY ISSUING THREATENING INTENT TO LEVY NOTICE.
> 3) COERCED IN TO AN INSTALLMENT AGREEMENT
> 4) RECEIVED THAT NOTICE, REQUESTED THREE HEARINGS AND DENIED ALL THREE.  I SHOULD HAVE BEEN GRANTED REGARDLESS OF THE TYPE OF NOTICE.SUSTANTIVE DUE PROCESS IF I RECEIVED NOTICE FROM THE GOVERNMENT I AM ENTITLE [sic] TO BE HEARD,IT'S CALLED DUE PROCESS OF LAW.

(Docket No. 32 at 3.)  The plaintiff's first three allegations above—changing the category of his erroneous refund, issuing the notice of intent to levy and entering into an installment agreement—indisputably occurred more than two years before plaintiff filed his complaint, and thus, are time-barred under 26 U.S.C. §7433(d)(3).  The remaining allegation, *i.e.*, the plaintiff was improperly denied a collection due process hearing, is the subject of this reply.

2

hearing *before* the IRS implements a levy.  *See* 26 U.S.C. § 6330(a)(1).  A levy on a state tax refund—the type of levy at issue here—is treated differently, however.  The statute requires only that the IRS provide an opportunity for a hearing "within a reasonable period of time *after* the levy." 26 U.S.C. § 6330(f).

In this case, the plaintiff received a notice of intent to levy on his state tax refund on or about July 16, 2012.  (Docket No. 28-4; Docket No. 34 at 3.)  The notice did not inform him of a right to a collection due process hearing—because he was not entitled to such a hearing at that time.  If the IRS had levied the plaintiff's state tax refund, he would have been allowed a hearing, after the fact.  But IRS did not levy the plaintiff's state tax refund, so he was not entitled to a hearing.

The plaintiff attached to his opposition two documents that should have informed him that he was not entitled to a hearing.  The first document entitled, "Collection Appeal Rights" (Docket No. 32-1 at 7; Docket No. 34 at 7), specifically explains that a taxpayer is not eligible for a hearing before the levy of a state tax refund.  It provides:

> Levy Notice: For each tax period, the IRS is required to notify you the first time it intends to collect a tax liability by taking your property or rights to property.  The IRS does this by issuing you a levy notice.  The IRS can't levy or seize your property within 30 days from the date this notice is mailed, given to you, or left at your home or office.  During that 30-day period, you may request a hearing with Appeals.  There are three exceptions to issuing this notice before levy:
>
>    1. When collection of the tax is in jeopardy.
>    2. When IRS levies your state tax refund.
>    3. When the criteria for a Disqualified Employment Tax Levy is met.
>
> You may request a hearing after the levy action in these instances.

(Docket No. 32-1 at 7; Docket No. 34 at 7.)

Although the plaintiff received these instructions in the Collection Appeal Rights document, he still requested a hearing.  The IRS responded to him by letter, which he also

3

attached to his opposition (Docket No. 32-1 at 8; Docket No. 34 at 8).  The IRS informed the plaintiff that he was not entitled to a collection due process hearing because there was no record that he had received a "Final Notice – Notice of Intent to Levy and Notice of Your Right to a Hearing under IRC 6330" or a "Notice of Federal Tax Lien Filing and Your Rights to a Hearing under IRC 6320."  (Docket No. 32-1 at 8; Docket No. 34 at 8.)  Since the plaintiff had not received the type of notice that mandated a statutorily-provided collection due process hearing, the IRS would not provide him such a hearing.

Thus, the plaintiff was simply not entitled to a collection due process hearing.  The IRS had sent the plaintiff a notice of intent to levy on his state tax refund—which does not require a hearing until after the IRS executes the levy.  In this case, the IRS did not in fact levy the plaintiff's state tax refund.  Instead, the notice prompted the plaintiff to enter into an installment agreement with the IRS on or about July 18, 2012.  (Docket No. 32 at 1-2; Docket No. 28-3 at 3; Docket No. 34 at 2.)  Since the plaintiff was not entitled to a collection due process hearing, it was not a violation for the IRS to deny him one.

Regardless, the facts remain that the IRS sent the notice of intent to levy on July 16, 2012, and the plaintiff entered into his installment agreement on July 18, 2012, which is more than two years before the plaintiff filed this action on August 7, 2014; accordingly, the defendant United States of America requests that the Court grant its motion for judgment, on the basis that the plaintiff's action is time-barred under 26 U.S.C. § 7433(d)(3).

Respectfully submitted,

Dated: March 4, 2015

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Carl L. Moore*
CARL L. MOORE
AUSTIN L. FURMAN
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 55, Ben Franklin Station
Washington, D.C. 20044-0055
(202) 307-5892 (CM) / (202) 307-2007 (AF)
(202) 514-5238 (FAX)
Carl.L.Moore@usdoj.gov
Austin.L.Furman@usdoj.gov

*Local Counsel:*

CARTER M. STEWART
United States Attorney

5

## **CERTIFICATE OF SERVICE**

I certify that on March 4, 2015, I caused a copy of the forgoing document to be deposited in the United States mail, postage prepaid, addressed to:

Wayne Lee Brown
2001 Studer Avenue
Columbus, Ohio  43207


*/s/ Carl L. Moore*
CARL L. MOORE
Trial Attorney, Tax Division